UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| WILLIAM RAY MOUNCE #430973 | ) | |
| | ) | |
| v. | ) | NO. 2:08-CV-132 |
| | ) | |
| SHERIFF WAYNE ANDERSON, | ) | |
| MAJOR BRINDA HENSLEY, DR. | ) | |
| PAUL, and (LPN) PENNY TESTER | ) | |

**MEMORANDUM and ORDER**

This is a *pro se* civil rights action under 42 U.S.C. § 1983, brought by plaintiff William Ray Mounce, who was then an inmate in Brushy Mountain Correctional Complex (BMCC). Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. (Doc. 1).

In his complaint, plaintiff contends that he was denied medical treatment for a hernia "as big as a soffball (sic)" for the period of time (from Aug. 9, 2007 to ?) he was incarcerated in the Sullivan County jail and that this medical mistreatment continued after his transfer to the BMCC. More specifically, plaintiff maintains that he developed a hernia as a result of his pre-incarceration surgery for a bowel obstruction in June, 2007; that the doctor at the Sullivan County jail refused to perform hernia surgery because the condition was not life-threatening and because he had the hernia before he was incarcerated, but had chosen not to have it repaired; that

the nurses called him a liar or did nothing when he complained of pain, blood in his stool, or other symptoms he was having due to the hernia, except to insist that he was being monitored for the hernia (which was untrue) or advise him to purchase his own pain medication from the commissary; and that the doctors at the state prison took pictures of his hernia, but offered no help and even refused to give him the pictures.

Plaintiff further claims that he filled out sick call requests a few times but that the medical staff took his money, which he cannot afford to give away, merely for taking his temperature, checking his pulse, and doing a urinalysis. Additionally, he maintains that he filed grievances, but that he either did not receive a response or received a response that was unsatisfactory to him. At any rate, he never got his hernia repaired.

The actions described above, according to plaintiff, constitute cruel and unusual treatment. Regrettably for plaintiff, there are several problems with his complaint which call for its dismissal.

First of all, plaintiff seeks to sue for medical malpractice for his pain, suffering and mental anguish, but does not affirmatively ask for damages.[1] This is

---

[1] His claims for relief are as follows:

"Want to sue for malpractice of medical (need lawyer to help on this)

important for two reasons. Plaintiff has since notified the Court that he is no longer incarcerated and that he now has a free world address. (Doc. 5). Thus, all issues concerning injunctive or declaratory relief with respect to the conditions at the Sullivan County Detention Center were already moot when this lawsuit was filed (by virtue of his transfer to the BMCC) and certainly at the present time (by virtue of his release from confinement altogether). *Kensu v.Haigh*, 87 F.3d 172, 175 (6th Cir.1996). This is so because a prisoner who is no longer imprisoned in a facility which subjects him to alleged wrongful conditions of confinement could not benefit from injunctive or declaratory relief awarded as a result of those conditions. Secondly, to the extent that this *pro se* former prisoner's complaint should be read liberally as implicitly asking for damages (since there is no express request for monetary relief), he has failed to state an actionable § 1983 claim.

Under 28 U.S.C. § 1915A, a district court is to review a complaint in a civil action in which a prisoner seeks redress from a governmental defendant and, if the complaint fails to state a claim upon which relief may be granted, to dismiss it. A screening of the complaint, as required in 28 U.S.C. § 1915A, reveals that the

---

Paine and suffering
Mental Angwash." (Doc. 3, Compl. at 4, ¶ V)

complaint should not be served upon the defendants and, for the reason expressed below, should be dismissed.

Punishments that involve the unnecessary and wanton infliction of pain are proscribed by the Eighth Amendment. Deliberate indifference to the serious medical needs of prisoners constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to establish "deliberate indifference" on the part of a prison official, plaintiff must satisfy both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires plaintiff to show a "sufficiently serious" deprivation and the subjective component requires him to show that a defendant acted with a conscious disregard to a substantial risk of serious harm to him. *Id.*, at 837. The latter showing must comprise more than mere negligence, and if a defendant took reasonable measures to abate the harm, he or she will not be held liable, even if the harm was not ultimately averted. *Id.*, at 835-36. Claims of negligence are insufficient to entitle a plaintiff to relief. *Farmer*, 511 U.S. at 835; *Estelle*, 429 U.S. at 105-06.

In this case, by the plaintiff's own allegations and the documents he has submitted in support, he saw multiple medical care providers, was examined, was diagnosed as having a benign ventral abdominal hernia, which was found to be

reducible by elective surgery, was advised that his weight gain was likely contributing to his discomfort, was told that his condition would be monitored, was given an elastic binder to wrap around his abdomen to relieve his pain, and was reminded that, by his own report, he had had the hernia for several months prior to coming to jail and had chosen not to have it repaired. (Doc. 3 and Grievance of Dec. 22, 2007).

It is questionable whether plaintiff's elective surgery amounts to a sufficient deprivation to satisfy the "serious medical needs" factor of the *Estelle* test. Plaintiff had the hernia for two months but did not have it treated surgically, which could indicate that he did not view the need for surgical repair as being a serious medical need. After all, plaintiff was in the best position to judge the level of his pain and his ability to tolerate it.

But assuming that the hernia surgery was a sufficiently serious deprivation, plaintiff's need for medical care was not disregarded. Instead, reasonable steps were taken to diagnose and treat the plaintiff. At best, his contentions that defendant Dr. Paul and the other defendants failed to recognize the serious nature of his condition and afford him appropriate treatment would comprise a claim for medical negligence. *Estelle*, 429 U.S. at 106 ("Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). At any rate, the Court

concludes that plaintiff has not shown any evidence of deliberate indifference on the part of defendants. *Farmer*, 511 U.S. at 835 (Deliberate indifference "entails something more than mere negligence.").

Because the conduct at issue cannot be said to constitute an unnecessary and wanton infliction of pain, the allegations regarding such conduct do not state a valid claim under the Eighth Amendment. *Estelle*, 429 U.S. at 105-06. Therefore, the complaint will be dismissed *sua sponte* by separate order.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE